IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Chanon C. Easton<br>                Debtor | CHAPTER 13 |
| U.S. BANK OF NATIONAL ASSOCIATION<br>(Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dates as of April 1, 1982)<br>                Movant<br>vs. | NO. 15-13983 JKF |
| Chanon C. Easton<br>                Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>                Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,892.52**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through October 2016 at $797.00/month |
| | November 2016 through September 2017 at $808.00/month |
| Late Charges: | $425.52 ($23.64 for each of the aforesaid months) |
| **Total Post-Petition Arrears** | **$14,892.52** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

    a). A down payment of $1,500.00 is to be made by September 30, 2017.

    b). Debtor shall amend her Chapter 13 Plan in order to provide for plan payments to cure the post-petition arrearage of $13,392.52, together with the pre-petition arrearage currently set forth in Movant's proof of claim, for which the Plan already provides. If the Debtor has not already done so, Debtor shall take any steps needed to accomplish the above, including filing a motion to modify the plan post-confirmation, which Debtor shall do within seven (7) days of the court order approving of and/or granting this stipulation.

    c). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,392.52** along with the pre-petition arrears;

    d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.  Beginning with the payment due October 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $808.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.  Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.  In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.  If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:  September 18, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 9/20/2017

_____
Alan B. Liss, Esquire
Attorney for Debtor

Date: 9/26/17

_____ **NO OBJECTION** *
William C. Miller
Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.


_____
Bankruptcy Judge
Jean K. Fitzsimon


**\*without prejudice to any trustee rights or remedies**

Anne Klitsch
PENNSYLVANIA HOUSING FINANCE AGENCY
211 North Front Street
PO BOX 15057
Harrisburg, PA 17101