United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 15-13983-elf
Chanon C. Easton                                                                Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: PaulP              Page 1 of 1              Date Rcvd: Oct 11, 2017
                              Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 13, 2017.
db             +Chanon C. Easton,   956 Granite Street,   Philadelphia, PA 19124-1731

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 11, 2017 at the address(es) listed below:
              ALAN B. LISS    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al... bnklaw@aol.com
              ALAN B. LISS    on behalf of Debtor Chanon C.  Easton bnklaw@aol.com
              ANDREW F GORNALL    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              LEON P. HALLER    on behalf of Creditor    Pennsylvania Housing Finance Agency lhaller@pkh.com,
               dmaurer@pkh.com;mgutshall@pkh.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
               bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
              WILLIAM EDWARD CRAIG    on behalf of Creditor    AmeriCredit Financial Services, Inc. d/b/a GM
               Financial ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                             TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Chanon C. Easton<br>    Debtor | CHAPTER 13 |
| U.S. BANK OF NATIONAL ASSOCIATION<br>(Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dates as of April 1, 1982)<br>    Movant<br>vs. | NO. 15-13983 JKF |
| Chanon C. Easton<br>    Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,892.52**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through October 2016 at $797.00/month |
| | November 2016 through September 2017 at $808.00/month |
| Late Charges: | $425.52 ($23.64 for each of the aforesaid months) |
| **Total Post-Petition Arrears** | **$14,892.52** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

   a). A down payment of $1,500.00 is to be made by September 30, 2017.

   b). Debtor shall amend her Chapter 13 Plan in order to provide for plan payments to cure the post-petition arrearage of $13,392.52, together with the pre-petition arrearage currently set forth in Movant's proof of claim, for which the Plan already provides. If the Debtor has not already done so, Debtor shall take any steps needed to accomplish the above, including filing a motion to modify the plan post-confirmation, which Debtor shall do within seven (7) days of the court order approving of and/or granting this stipulation.

   c). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,392.52** along with the pre-petition arrears;

   d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $808.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 18, 2017

By: /s/ *Rebecca A. Solarz, Esquire*
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 9/20/2017

_____
Alan B. Liss, Esquire
Attorney for Debtor

Date: 9/26/17

_____ **NO OBJECTION** *
William C. Miller
Chapter 13 Trustee

# ORDER

Approved by the Court this <u>11th</u> day of <u>October</u>, 2017. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**

*without prejudice to any trustee rights or remedies

Anne Klitsch
PENNSYLVANIA HOUSING FINANCE AGENCY
211 North Front Street
PO BOX 15057
Harrisburg, PA 17101