United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                           Case No. 15-13983-elf
Chanon C. Easton                                                 Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Dec 02, 2019
                             Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 04, 2019.
db              +Chanon C. Easton,     956 Granite Street,     Philadelphia, PA 19124-1731

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 04, 2019                           Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 2, 2019 at the address(es) listed below:
            ALAN B. LISS    on behalf of Debtor Chanon C.  Easton bnklaw@aol.com
            ALAN B. LISS    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al... bnklaw@aol.com
            ANDREW F GORNALL    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
             agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
            KEVIN G. MCDONALD    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
             bkgroup@kmllawgroup.com
            LEON P. HALLER    on behalf of Creditor    Pennsylvania Housing Finance Agency lhaller@pkh.com,
             dmaurer@pkh.com;mgutshall@pkh.com
            MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
             bkgroup@kmllawgroup.com
            REBECCA ANN SOLARZ    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
             bkgroup@kmllawgroup.com
            THOMAS I. PULEO    on behalf of Creditor    U.S. BANK OF NATIONAL ASSOCIATION, Et Al...
             tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
            United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
            WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
            WILLIAM EDWARD CRAIG    on behalf of Creditor    AmeriCredit Financial Services, Inc. d/b/a GM
             Financial ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                         TOTAL: 11

Stip does not directly
affect confirmed plan

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Chanon C. Easton <u>Debtor</u> | CHAPTER 13 |
| U.S. BANK OF NATIONAL ASSOCIATION (Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dates as of April 1, 1982) <u>Movant</u> vs. | NO. 15-13983 ELF |
| Chanon C. Easton <u>Debtor</u> | 11 U.S.C. Section 362 |
| William C. Miller <u>Trustee</u> | |

### <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's

residence is **$3,358.56** , which breaks down as follows;

| | | |
|---|---|---|
| Post-Petition Payments: | June 2019 to October 2019 at $811.00/month | |
| Late Charges: | June 2019 to September 2019 at $23.64/month | |
| Suspense Balance; | $791.00 | |
| **Total Post-Petition Arrears** | **$3,358.56** | |

2.      The Debtor shall cure said arrearages in the following manner:

a).  By October 31, 2019, the Debtor will pay the full post-petition arrears in the

amount of **$3,358.56**;

3.      Beginning with the payment due November 1, 2019 and continuing thereafter,

Debtor shall pay to Movant the present regular monthly mortgage payment of $811.00 (or as

adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with

late charges being assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front &

back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    September 11, 2019                    By: /s/ Rebecca A. Solarz, Esquire
                                                  Rebecca A. Solarz, Esquire

Date:    9/12/2019
                                                  Alan B. Liss, Esquire
                                                  Attorney for Debtor

Date:    9/13/19
                                                  William C. Miller, Esquire        NO OBJECTION
                                                  Chapter 13 Trustee                *without prejudice to any
                                                                                    trustee rights and remedies.

Approved by the Court this  2nd  day of  December  , 2019.  However, the court retains discretion regarding entry of any further order.

**ERIC L. FRANK**
**UNITED STATES BANKRUPTCY JUDGE**